**Jennifer S. Wagner**, OSB No. 024470
jwagner@stollberne.com
**Keil M. Mueller**, OSB No. 085535
kmueller@stollberne.com
STOLL STOLL BERNE LOKTING
& SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

**Donald J. Enright** (to be admitted *pro hac vice*)
denright@zlk.com
**Elizabeth K. Tripodi** (to be admitted *pro hac vice*)
etripodi@zlk.com
LEVI & KORSINSKY, LLP
1101 30th Street NW, Suite 115
Washington, DC 20007
Telephone: (202) 524-4290

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ELIE SHEMALI,<br><br>    Plaintiff,<br><br>    v.<br><br>RADISYS CORPORATION, BRIAN BRONSON, STEVE DOMENIK, and MICHAEL G. HLUCHYJ,<br><br>    Defendants. | Case No. 3:18-cv-01525<br><br>**COMPLAINT**<br><br>Violations of the Securities Exchange Act of 1934 (15 U.S.C. § 78n-1, § 78t)<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Elie Shemali ("Plaintiff"), by and through his undersigned attorneys, brings this action against Radisys Corporation ("Radisys" or the "Company"), Brian Bronson, Steve Domenik, and Michael G. Hluchyj, the members of the Radisys' board of directors (collectively referred to as the "Board" or the "Individual Defendants," and, together with Radisys, the

Page 1 -   **COMPLAINT**

"Defendants") for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9, in connection with the proposed merger (the "Proposed Transaction") by and among Radisys, Reliance Industries Limited ("RIL") and Cloud Orchestration (ICO), Inc. ("Merger Sub"). Plaintiff alleges the following based upon personal knowledge as to himself, and upon information and belief, including the investigation of Counsel, as to all other matters.

## NATURE OF THE ACTION

1.  On June 29, 2018, Radisys entered into an Agreement and Plan of Merger ("Merger Agreement") with RIL, pursuant to which RIL will acquire all outstanding stock of Radisys. As part of the Proposed Transaction, each share of Radisys common stock will be exchanged for $1.72 in cash (the "Merger Consideration").

2.  Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Schedule 14A Definitive Proxy Statement to be filed with the SEC on August 10, 2018 (the "Proxy"). As part of the Proxy, the Radisys Board recommends that Radisys stockholders vote in favor of the Proposed Transaction at the upcoming stockholder special meeting (the "Stockholder Vote"), and agree to exchange their shares pursuant to the terms of the Merger Agreement based among other things on internal and external factors examined by the Board to make its recommendation and an opinion rendered by the Company's financial advisor, Raymond James & Associates, Inc. ("Raymond James").

3.  Specifically, the Proxy contains materially incomplete and misleading information concerning the Company's financial projections.

Page 2 -   **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

4. The special meeting of Radisys stockholders to vote on the Proposed Transaction is scheduled to be held on September 5, 2018 at 8:00 a.m. Pacific Time. Therefore, it is imperative that the material information omitted from the Proxy is disclosed to the Company's shareholders prior to the Stockholder Vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from consummating the Proposed Transaction unless and until the material information discussed below is disclosed to Radisys' stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## PARTIES

6. Plaintiff is, and at all relevant times has been, a stockholder of Radisys.

7. Defendant Radisys is an Oregon corporation and maintains its principal executive offices at 5435 NE Dawson Creek Drive, Hillsboro, Oregon, 97124. Radisys' common stock is listed for public trading on the NASDAQ under the ticker symbol "RSYS".

8. Defendant Brian Bronson ("Bronson") is, and has been at all relevant times, a director, the President, and the Chief Executive Officer of Radisys.

9. Defendant Steve Domenik ("Domenik") is, and has been at all relevant times, the Board Chair of Radisys.

10. Defendant Michael G. Hluchyj ("Hluchyj") is, and has been at all relevant times, a director of Radisys.

11. The parties in paragraphs 8 through 10 are referred to herein as the "Individual Defendants" and/or the "Board," collectively with Radisys the "Defendants."

Page 3 -   **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

12. Non-party RIL is a corporation organized under the laws of the Republic of India and is headquartered in Mumbai, India. RIL is listed for trading on the BSE Limited and the National Stock Exchange under the symbol "RELIANCE" and its GDRs are listed on the Luxembourg Stock Exchange under the name "RELIANCEIND." RIL's business interests include petroleum refining and marketing, petrochemicals, hydrocarbon exploration and production, retail, digital services and telecommunications.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act.

14. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

15. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) the conduct at issue took place and had an effect in this District; (ii) Radisys maintains its principal place of business in this District and each of the Individual Defendants, and Company officers or directors, either resides in this District or has extensive contacts within this District; (iii) a substantial portion of the transactions and wrongs complained of herein, occurred in this District; (iv) most of the relevant documents pertaining to Plaintiff's claims are stored (electronically and otherwise), and evidence exists, in this District;

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

and (v) Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## SUBSTANTIVE ALLEGATIONS

**Company Background and the Proposed Transaction**

16.     Incorporated in March 1987, Radisys develops open telecom solutions to allow service providers with disaggregated and virtualized enabling technology solutions for the telecom industry. Radisys has two business segments, Software-Systems and Hardware Solutions. Software-Systems products and services include offerings in the MediaEngine, MobilityEngine, and FlowEngine product lines, driving down the costs of network infrastructure while enabling service providers to adopt new technologies. Hardware Solutions combines the Company's hardware design expertise with its manufacturing, supply chain, integration and service capabilities.

17.     On July 2, 2018, Radisys and RIL announced the Proposed Transaction, which states in relevant part:

> Radisys Corporation (NASDAQ: RSYS) and Reliance Industries Limited, India's largest private sector company ("RIL" or "Reliance"), have entered into a definitive agreement under which Reliance will acquire Radisys for US$1.72 per share in cash.
>
> Radisys is a leader in providing open telecom solutions to service providers worldwide. Headquartered in Hillsboro, Oregon, Radisys has nearly 600 employees with an engineering team based out of Bangalore, India, and sales and support offices globally. Radisys delivers value to service providers and telecom equipment vendors by providing disruptive open-centric software, hardware and service capabilities that enable the migration to next-generation network topologies.
>
> "Reliance and Jio have been disrupting legacy business models and establishing new global benchmarks. Radisys' top-class management and engineering team offer Reliance rapid innovation and solution development expertise globally, which complements our work towards software-centric disaggregated networks and

Page 5 -   **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

platforms, enhancing the value to customers across consumer and enterprise segments," said Akash Ambani, Director of Reliance Jio. "This acquisition further accelerates Jio's global innovation and technology leadership in the areas of 5G, IOT and open source architecture adoption."

Brian Bronson, CEO of Radisys said, "The backing and support of India-based global conglomerate Reliance, will accelerate our strategy and the scale required by our customers to further deploy our full suite of products and services. The Radisys team will continue to work independently on driving its future growth, innovation and expansion. The addition of Reliance's visionary leadership and strong market position will enhance Radisys' ability to develop and integrate large-scale, disruptive, open-centric end-to-end solutions."

**The Proxy is Materially Incomplete and Misleading**

18.     On July 30, 2018, in order to convince Radisys stockholders to vote in favor of the Proposed Transaction, Defendants authorized the filing of a materially incomplete and misleading Proxy containing the recommendation of the Board.  The Proxy solicits the Company's stockholders to vote in favor of the Proposed Transaction.  Defendants were obligated to carefully review the Proxy before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Proxy misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

   *Radisys' Financial Projections*

19.     The Proxy discloses that Raymond James used Radisys management's projections of unlevered free cash flows as the primary input into its *Discounted Cash Flow Analysis*. However, the Proxy's disclosure of the Company's financial projections only includes Revenue, Gross Profit, Operating Expenses, Operating Income, and Non-GAAP Net Income (Loss).

Page 6 -    **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

20. The Proxy also defines unlevered free cash flows as "earnings before interest, after taxes, plus depreciation, plus amortization, less capital expenditures, less investment in working capital."  In more typical terms, EBITDA less capital expenditures and investment in working capital.  But the Proxy omits projections of EBITDA, capital expenditures, investment in working capital, and unlevered free cash flows.  The inclusion of this definition while omitting the relevant financial metrics renders the proxy materially incomplete and misleading.

21. The Proxy stated that Raymond James relied upon management's projections in conducting its analysis.

22. Moreover, the disclosed projections do not provide a fair summary of other metrics by which one could assess the Company's future cash flows.  The Company is carrying roughly $12 million in long-term liabilities and has substantial recurring expenses and capital obligations.  As such, Net Income and Revenue figures will certainly depart significantly from unlevered free cash flow figures for the Company, and in a manner that would be essentially impossible for non-insiders to evaluate with confidence.

23. The above-referenced omitted information relating to the Company's financial projections, and particularly the Company's projected EBITDA and unlevered free cash flows, would, if disclosed, significantly alter the total mix of information available to Radisys' stockholders regarding the future value of the Company.  The Proxy omits the actual projections and financial metrics used by Raymond James in completing its financial analysis, including those used by Raymond James to calculate the Company's unlevered free cash flows.

24. Omission of the above-referenced projections renders the financial projections included on page 54 of the Proxy materially incomplete and misleading.  If a proxy statement

Page 7 -   **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

discloses financial projections and valuation information, such projections must be complete and accurate. The question here is not the duty to speak, but liability for not having spoken enough. With regard to future events, uncertain figures, and other so-called soft information, a company may choose silence or speech elaborated by the factual basis as then known—but it may not choose half-truths.

### *Raymond James' Valuation Analyses and Fairness Opinion*

25.    The Proxy describes Raymond James' fairness opinion and the various "Material Financial Analyses" it performed in support of its opinion. However, the description of Raymond James' fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Radisys' stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Raymond James' fairness opinion in determining how to cast their vote on the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to Radisys stockholders.

26.    With respect to Raymond James' *Selected Companies Analysis* and *Selected Transaction Analysis*, the Proxy fails to disclose the individual multiples Raymond James calculated for each company and transaction utilized. The omission of these multiples renders the summary of the analysis and the implied values materially misleading. A fair summary of the analyses requires the disclosure of the individual multiples; merely providing the range that a banker applied is insufficient, as Radisys stockholders are unable to assess whether Raymond James applied appropriate multiples, or, instead, applied unreasonably low multiples in order to drive down the Company's valuation.

Page 8 -    **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

27. With respect to Radisys' *Discounted Cash Flow* Analysis, the Proxy omits the inputs used by Raymond James to calculate the discount rate range of 12.0% to 16.0 % used in its analysis. Furthermore, the Proxy omits any basis for Raymond James' use of terminal multiples ranging from 8.0x to 12.0x. These inputs are material as they have a direct impact on the ultimate valuation calculated through this analysis.

28. Indeed, as a highly-respected professor explained in one of the most thorough law review articles regarding the fundamental flaws with the valuation analyses bankers perform in support of fairness opinions, in a discounted cash flow analysis a banker takes management's forecasts, and then makes several key choices "each of which can significantly affect the final valuation." Steven M. Davidoff, *Fairness Opinions*, 55 Am. U.L. Rev. 1557, 1576 (2006). Such choices include "the appropriate discount rate, and the terminal value…" *Id*. As Professor Davidoff explains:

> *There is substantial leeway to determine each of these, and any change can markedly affect the discounted cash flow value. For example, a change in the discount rate by one percent on a stream of cash flows in the billions of dollars can change the discounted cash flow value by tens if not hundreds of millions of dollars….* This issue arises not only with a discounted cash flow analysis, but with each of the other valuation techniques. ***This dazzling variability makes it difficult to rely, compare, or analyze the valuations underlying a fairness opinion unless full disclosure is made of the various inputs in the valuation process, the weight assigned for each, and the rationale underlying these choices****.* The substantial discretion and lack of guidelines and standards also makes the process vulnerable to manipulation to arrive at the "right" answer for fairness. This raises a further dilemma in light of the conflicted nature of the investment banks who often provide these opinions.

*Id.* at 1577-78.

29. In sum, the omission of the above-referenced information renders statements in the Proxy materially incomplete and misleading in contravention of the Exchange Act. Absent

Page 9 -   **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

disclosure of the foregoing material information prior to the special shareholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder)

30. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

31. Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

32. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with shareholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

33. The omission of information from a registration statement will violate Section 14(a) and Rule 14a-9 if other SEC regulations specifically require disclosure of the omitted information.

Page 10 -   **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

34. Defendants have issued the Proxy with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide critical information regarding, amongst other things: (i) the Company's financial projections; (ii) the valuation analyses performed by the Company's financial advisor, Raymond James; and (iii) the background process leading up to the Proposed Transaction.

35. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy, but nonetheless failed to obtain and disclose such information to Radisys common stockholders although they could have done so without extraordinary effort.

36. The Individual Defendants knew or were negligent in not knowing that the Proxy is materially misleading and omits material facts that are necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon most if not all of the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Raymond James reviewed and discussed their financial analyses with the Board, and further states that the Board considered the financial analyses provided by Raymond James, as well as its fairness opinion and the assumptions made and matters considered in connection therewith. Further, the Individual Defendants were privy to and had knowledge of the projections for the Company and the details surrounding the process

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

leading up to the signing of the Merger Agreement.  The Individual Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above materially incomplete and misleading.  Indeed, the Individual Defendants were required to, separately, review Raymond James' analyses in connection with their receipt of the fairness opinion, question Raymond James as to the derivation of fairness, and be particularly attentive to the procedures followed in preparing the Proxy—and review it carefully before it was disseminated—to corroborate that there are no material misstatements or omissions.

37. The Individual Defendants were, at the very least, negligent in preparing and reviewing the Proxy.  The preparation of a proxy by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  The Individual Defendants were negligent in choosing to omit material information from the Proxy or failing to notice the material omissions in the Proxy upon reviewing it, which they were required to do carefully as the Company's directors.  Indeed, the Individual Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation of the Company's financial projections.

38. Radisys is also deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Proxy.

39. The misrepresentations and omissions in the Proxy are material to Plaintiff and the Radisys stockholders, who will be deprived of their right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff and the Radisys stockholders have no adequate remedy at law.  Only through the exercise

Page 12 -   **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

of this Court's equitable powers can Plaintiff and the Radisys stockholders be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## SECOND CLAIM FOR RELIEF

### (Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act)

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Radisys within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Radisys, and participation in and/or awareness of Radisys' operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Radisys, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Radisys, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Proxy.

44.   In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

45.   By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46.   As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff and the Radisys stockholders will be irreparably harmed.

47.   Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

Page 14 -   **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment and relief as follows:

A.     Enjoining Defendants, their agents, counsel, employees, and all persons acting in concert with them from consummating the Proposed Transaction, unless and until the Company discloses the material information discussed above which has been omitted from the Proxy;

B.     Directing the Individual Defendants to account to Plaintiff for all damages suffered as a result of the Individual Defendants wrongdoing;

C.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

D.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: August 17, 2018          Respectfully submitted,

                                              STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

                                              By: s/Keil M. Mueller
                                                 **Jennifer S. Wagner**, OSB No. 024470
                                                 **Keil M. Mueller**, OSB No. 085535

                                            209 SW Oak Street, Suite 500
                                            Portland, OR  92204
                                            Telephone:  (503) 227-1600
                                            Facsimile:  (503) 227-6840
                                            Email:     jwagner@stollberne.com
                                                         kmueller@stollberne.com

                                            -and-

Page 15 -  **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

        **Donald J. Enright** (to be admitted *pro hac vice*)
        **Elizabeth K. Tripodi** (to be admitted *pro hac vice*)
        LEVI & KORSINSKY, LLP
        1101 30th Street NW, Suite 115
        Washington, DC 20007
        Telephone: (202) 524-4290
        Facsimile: (202) 337-1567
        Email: denright@zlk.com
            etripodi@zlk.com

        *Counsel for Plaintiff Elie Shemali*

Page 16 -  **COMPLAINT**